**LE–RONG HUANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 05–5981–ag.**

United States Court of Appeals, Second Circuit.

Aug. 7, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, Tennessee, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Le–Rong Huang, A 72 432 810, petitions for review of an October 14, 2005 BIA decision affirming the decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

█ The IJ found Huang not to be credible in part because he failed to mention in either of his two asylum applications, and his wife did not mention in her statement submitted in support of Huang's claim, that his wife had been sterilized. The IJ's finding is based on substantial evidence in the record and is a reasonable basis for finding Huang incredible because the alleged sterilization is central to Huang's claim for relief. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). The IJ also determined Huang not to be credible because he testified that he and his wife returned home just before the birth of their third child, and that the birth took place at their home, whereas in his affidavit, he claimed that the couple only returned to their home after the child was born. Given that the authorities purportedly came to Huang's house and took his wife away for sterilization fifteen days after the birth of the couple's third child, the IJ could reasonably find that the inconsistency concerning when and whether the couple returned to their house, called into question the alleged sterilization of Huang's wife. The IJ further found Huang incredible because of the inconsistencies within his testimony concerning

how and when he obtained his ID card. Huang's claim that the IJ failed to take into account the translation of testimony—regarding Huang's ID card—that should have appeared earlier in the record is without merit, considering that the given testimony does not undermine that particular credibility finding.

■ These findings alone are sufficient for us to uphold the IJ's decision and we need not reach the IJ's alternate corroboration finding. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99 (2d Cir.2006) (explaining that remand to the BIA is futile "when the IJ articulates an alternative and sufficient basis for her determination"). Because the only evidence of a threat of future persecution to Huang depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims of a well-founded fear of persecution and for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006) (holding that for an applicant who has been determined to be incredible to prevail on a future persecution claim, the predicate of that claim must be independent of the testimony that the IJ found to be incredible). Because Huang did not raise his CAT claim before the BIA, and he does not raise it here, his claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.